JUDGE PAULEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LORI GJENASHAJ and
QAMIL GJENASHAJ,

               Plaintiffs,

        v

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, LIEUTENANT MATTHEW
HARRISON individually and in his official capacity,
POLICE OFFICER ADAM WRIGHT individually and
in his official capacity, POLICE OFFICER RICHARD
VELEZ, individually and in his official capacity,
JOHN DOEs 1-10, employees of The City of New York,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# 19 CV 04142

**VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

By and through their attorney, Joseph I. Stone, Esq., Plaintiffs Lori Gjenashaj and

Qamil Gjenashaj allege upon knowledge, information and/or belief as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiffs Lori Gjenashaj and Qamil

Gjenashaj seek relief for Defendants' violation of their civil rights,  privileges and

immunities secured by  42 U.S.C. Section 19 83. 42 U.S.C. Section I 210 I ("ADA"), *et seq.*,

Section 504 of the Rehabilitation Act of 1973,  29 U.S.C. Section 794, the Fourth and

Fourteenth Amendments to the United States Constitution.

2.  It is alleged that the Defendants, acting jointly and severally, used unreasonable

force that culminated in the shooting of Lori Gjenashaj on March 25, 2018, in the vicinity of

Highland Avenue and Howard Avenue, Staten Island, New York, and resulting in her

1

hospitalization of one week at the Richmond University Medical Center, Staten Island, New York, and subsequently at Elmhurst General Hospital, Queens, New York, for approximately 25 days.

3. It is further alleged that the Defendants were aware or should have been aware of Plaintiff Lori Gjenashaj's mental problems and failed to follow proper police protocol when dealing with such persons with known mental disabilities.

4. Plaintiffs seek a declaratory judgment that the NYPD failed to adhere to police protocol while making a valid arrest that resulted in the shooting of Plaintiff Lori Gjenashaj and falsely arresting Plaintiff Qamil Gjenashaj. Plaintiffs also seek compensatory and punitive damages to the extent permitted by law.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 133 1 and Section 13 43. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. Section 1367 to hear and decide claims arising under state law.

6. Venue in the Southern District of New York. The headquarters of the New York City Police Department is located at One Police Plaza, New York, New York, within the Southern District of New York.

## PARTIES

7. Plaintiffs Lori Gjenashaj and Qamil Gjenashaj are residents of the United States and of the City of New York.

2

8. Defendant City of New York ("City") is a duly constituted municipal corporation of the State of New York. It is authorized under the laws of the State of New York to maintain a police department, the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9. Defendant Lieutenant Matthew Harrison ("Harrison") is an employee of the City and a member of the NYPD. He is one of numerous officers who were onsite when Lori Gjenashaj was shot on March 25, 2018. At all times relevant to the facts of the Complaint, said defendant was acting under color of law and within the scope of his employment by the City. Said Defendant is sued in his individual and official capacities.

10. Defendants Wright and Velez are employees of the City and members of the NYPD. They were two of the many officers onsite when Lori Gjenashaj was shot on March 25, 2018. At all times relevant to the facts of the Complaint, said defendants were acting under color of law and within the scope of their employment by the City. Said Defendants are sued in their individual and official capacities.

11. Defendants "John Doe"s 1-10 are employees of the City who were present at the scene on March 25, 2018, and whose names are presently unknown to Plaintiffs. On information and belief, said Defendants participated in the arrest and shooting of Lori Gjenashaj. Their names will be added, upon motion, once Plaintiffs have learned the names through discovery process.

## FACTUAL ALLEGATIONS

12.  The incident complaint of herein occurred on March 25, 2018, at approximately 12:30 P.M. on Highland Avenue in the vicinity of Howard Avenue, Staten Island, New York.

13.  Lori Gjenashaj is a 42 year-old mother of two, a 15 year old son and 11 year old daughter, residing at 765 Nugent Avenue, Staten Island, New York 10306, with her husband, Qamil Gjenashaj.

14.  A Notice of Claim pursuant to New York General Municipal Law Section 50-e was timely served upon Defendant City on June 22, 2018.  More than thirty days have elapsed without the matter being resolved by City.  The Notice of Claim provided detailed information regarding the actions that the officers took during the incident with Lori Gjenashaj and Qamil Gjenashaj and was sufficient to put the officers and the City on notice that the conduct that they were alleged to have engaged in was an extreme and unnecessary use of excess force.

15.  Plaintiff Lori Gjenashaj had previously committed an admitted crime and was temporarily fleeing the police.  She was alone in her vehicle, had come to a complete stop and was surrounded by police vehicles and heavily armed police officers.  No civilians were near the area; therefore there was no danger to any onlookers.  Lori Gjenashaj was effectively contained.

16.  The City has a policy for emotionally disturbed persons (EDP) but failed to follow it in these circumstances.

17.  IN the wake of the Bumpurs killing, the NYPD adopted certain policies regarding interactions with EDPs.  According to the NYPD EDP policy, the use of deadly force is a last resort.  Officers are directed to deploy protective shields and to use non-lethal devices to

4

ensure the safety of all those present.  Officers are also directed to request assistance from

a medical expert if needed and to seek assistance from the subject's family or friends.

18.  On information and belief, in violation of the NYPD  EDP Policy, the Precinct

Commander/Duty Captain was not notified by the desk officer or other officers and did not

respond to the scene.  The failure to notify the Precinct Commander/Duty Captain violated

the NYPD  EDP Policy.  Under said policy it is the responsibility of the precinct

Commander/Duty Captain to *inter alia,* assume command, including  firearms control;

confer with the ranking supervisor on the scene; develop plans and tactics to be utilized;

direct whatever further action is necessary, including the use of negotiators; direct the use

of alternate means of restraint, including, but not limited to, OC spray,  tear gas, baton,

restraining equipment or stun device.

19.  The failure to notify the Precinct Commander/Duty Captain resulted and/or

caused a failure of command structure at the scene, a failure to properly supervise the

arresting officers and other personnel, and contributed to the series of events that

ultimately led to the shooting of Lori Gjenashaj.

20.  According to the NYPD  EDP policy, until the commanding office or duty captain

arrives at the scene, the highest ranking uniformed police supervisor is in command and

required to coordinate police operations.  At the scene there was one lieutenant, Matthew

Harrison.

21.  Said lieutenant failed to ensure that all officers were directed to maintain

firearms control.  He failed to designate one or more officers to act as the designated

shooter(s) in the event the use of deadly force becomes unavoidable.   The failure to

designate shooter(s) resulted in a mass reflex where ten or more shots were randomly

fired.  The said failures were in violation of the NYPD Barricaded Persons Policy and contributed to or caused Lori Gjenashaj injuries.

22. According to the NYPD  EDP Policy, if the EDP is contained, and Lori Gjenashaj certainly was, and is believed to be armed or violent but due to containment poses no immediate threat of danger to any person, no additional action may be taken without the authorization of the commanding officer or duty captain at the scene.


**AS AND FOR THE FIRST CAUSE OF ACTION AND CLAIM FOR RELIEF**

*(Unnecessary force,  cruel and unusual punishment, pain and suffering - as to Plaintiff Lori*

*Gjenashaj)*

23.     On March 28, 2018, Plaintiff Lori Gjenashaj had committed the crimes of burglary, criminal mischief, menacing and possession of a weapon and was fleeing the police.  She had parked and was surrounded by police cars.  She claims she exited her vehicle with nothing in her hand, having left a "toy" gun on the floor of the car.

Without warning, numerous police officers fired an unknown number of shots, striking Plaintiff Lori Gjenashaj in the shoulder and randomly shooting and hitting her vehicle multiple times.  The arrest of Plaintiff Lori Gjenashaj was accomplished  but the force used was unnecessary and well in excess of all Constitutional standards.

## AS AND FOR A SECOND CAUSE OF ACTION AND CLAIM FOR RELIEF

*(False arrest, false imprisonment, cruel and unusual punishment - as to Plaintiff Qamil*

*Gjenashaj)*

24.    Plaintiff Qamil Gjenashaj was in the passenger seat of the vehicle driven by

Lori Gjenashaj.  The car was momentarily stopped by the police and Plaintiff Qamil

Gjenashaj was forcibly  taken from the vehicle, then taken to the police station and

interrogated while handcuffed for approximately seven hours.  He was subsequently

released without any charges.  His arrest was unwarranted and his imprisonment was

painful and unnecessary.  This constitutes an illegal arrest and wrongful and harmful

imprisonment.  The handcuffs were painful, physically and emotionally, and the

imprisonment was in violation of the Fourth, Eighth and Fourteenth Amendments of the

United States Constitution.

## AS AND FOR A THIRD CAUSE OF ACTION AND CLAIM FOR RELIEF

*(Conscious pain and suffering as to Plaintiff Lori Gjenashaj)*

25.  Plaintiff Lori Gjenashaj was hospitalized at Richmond University Medical Center

in Staten Island from March 25, 2018, until March 31, 2018.  Her wounds were treated.  She

was medicated and then transferred to Elmhurst Medical Center under Police custody.

The medical reports indicated that she had "gun shot wounds to right upper back

and right axilla, 3 cm laceration to posterior aspect of right upper extremity."*

*Surgical notes of March 26, 2018, (page 2 of 3) signed by Kamel Turkman and Dr. George

Kuczabski on March 28, 2018.)

### AS AND FOR A FOURTH CAUSE OF ACTION AND CLAIM FOR RELIEF

*(Intentional infliction of emotional distress)*

26.  Plaintiff  repeats the allegations in paragraphs 1 - 25 and incorporates those

allegations by reference with the same force and effect as if herein set forth.

27.  On one occasion while hospitalized under police guard, an unknown police

officer intentionally placed his hands in Plaintiff Lori Gjenashaj's food, causing her to feel

sick and nauseous  and causing her to miss her entire meal.

28.  On other occasions while treating Plaintiff Lori Gjenashaj for pain caused by her

gun shot wounds,  Plaintiff was prescribed a Fentanyl  patch.

29.  Elmhurst  Hospital reports prior suicidal attempts going back to age twelve, yet

continued to prescribe plaintiff Lori Gjenashaj harmful opiod drugs.

8

30. The defendants' acts were outrageous in the extreme.  The gun shots and subsequent pain treatment resulted in mental and physical injuries to the plaintiff.

31. Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### AS AND FOR A FIFTH CAUSE OF ACTION  AND CLAIM FOR RELIEF

*(Supervisory liability)*

32. Plaintiff repeats paragraphs 1 - 31  and incorporates those allegations by reference with the same force and effect as if herein set forth.

33. Lt. Matthew Harrison and unknown other ranking officers performed the supervising functions at the scene and were responsible for supervising the police officers who responded to the scene.

34. Said Police Officers Supervisors failed to take any actions that would have prevented the injuries sustained by plaintiff Lori Gjenashaj.

35. As a direct and proximate cause of said defendants' failure to properly supervise their subordinates, Plaintiff Lori Gjenashaj's constitutional rights were violated as aforementioned in violation of 42 U.S.C. Section 1983.

9

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

a. An order declaring that the City's current EDP policy violates 42. U.S.C. Section 1983, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution;

b. An order declaring that the City's current EDP policy violates the Americans with Disabilities Act;

c. An order declaring that the City's current EDP policy violates the Rehabilitation Act of 1973;

d. An order declaring that the NYPD used unnecessary force in the arrest of Plaintiff Lori Gjenashaj.

e. An order declaring g that the City failed to institute and implement adequate policies and procedures with respect to police responses to situations involving EDPs;

f. An order declaring the arrest and detention of plaintiff Qamil Gjenashaj as being illegal;

g. Five million dollars in compensatory damages;

10

h.  Two million dollars in punitive damages against the NYPD and all the Individual

Defendants;

i.  An award of the costs and expenses of this action including attorneys' fees to the

Plaintiffs pursuant to 43 U.S.C. Section 1988; and

j.  Any such other and further relief as this Court may deem appropriate.

Dated: New York, New York
        May 1, 2019

Yours, etc,

JOSEPH I. STONE
Attorney for Plaintiffs
310 Lexington Avenue
Suite 9-G
New York, NY 10016
917 692 8802

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York and in the United States District Court, Southern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

JOSEPH I. STONE

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF Richmond )SS:

LORI GJENASHAJ, being duly sworn, deposes and says:

That deponent is the Plaintiff in the within action; that deponent has read the foregoing

Complaint and knows the contents thereof; that the same is true to deponent's own

knowledge, except as to matters therein stated to be alleged upon information and belief,

and that as to those matters, deponent believes it to be true.

Sworn to before me this

\ day of May, 2019.

_____
Notary Public

_____
LORI GJENASHAJ

STATE OF NEW YORK )
COUNTY OF Richmond )SS:

QAMIL GJENASHAJ, being duly sworn, deposes and says:

That deponent is the Plaintiff in the within action; that deponent has read the foregoing

Complaint and knows the contents thereof; that the same is true to deponent's own

knowledge, except as to matters therein stated to be alleged upon information and belief,

and that as to those matters, deponent believes it to be true.

Sworn to before me this

\ day of May, 2019.

_____
Notary Public

_____
QAMIL GJENASHAJ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LORI GJENASHAJ and
QAMIL GJENASHAJ,

                  Plaintiffs,


      v

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, LIEUTENANT MATTHEW
HARRISON individually and in his official capacity,
POLICE OFFICER ADAM WRIGHT individually and
in his official capacity, POLICE OFFICER RICHARD
VELEZ, individually and in his official capacity,
JOHN DOEs 1-10, employees of The City of New York,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## **VERIFIED COMPLAINT**

JURY  TRIAL DEMANDED



JOSEPH I. STONE
Attorney for Plaintiffs
310 Lexington Avenue
Suite 9-G
New York, NY 10016
917 692 8802