

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRACHAH GOYKADOSH**
*Senior Counsel*
bgoykado@law.nyc.gov
Phone: (212) 356-3523
Fax: (212) 356-1148

November 17, 2019

**By ECF**
Honorable William H. Pauley III
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re: *Lori Gjenashaj, et al. v. City of New York, et al.*, 19 Civ. 4142 (WHP)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense in the above-referenced matter. In that capacity, I write in accordance with Local Civil Rule 37.2 and Rule III.A.iv. of the Court's Individual Rules and Practices to respectfully request that the Court schedule a conference to discuss plaintiffs' failure to respond to defendants' discovery requests, or in the alternate, compel plaintiffs to respond by a date certain . Pursuant to the Court's Individual Rules and Practices, defense counsel asked plaintiffs' counsel to provide their portion of the letter but plaintiffs' counsel has refused to do so, stating that they believe this letter is "not warranted." Thus, although defendants have attempted to comply with the Court's Individual Rules, due to plaintiffs' recalcitrance, we have been unable to do so.

      **I.**    **Relevant Facts and Procedural History.**

      By way of background plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 on May 8, 2019 by filing the Complaint, wherein they alleged various civil rights violations including false arrest and excessive force following a non-fatal shooting. (Docket Entry No. 1). On August 1, 2019, the parties appeared for an initial conference and the Court ordered that all parties complete fact discovery by January 15, 2020. (Docket Entry No. 11). To that end, defendants served interrogatories and document requests on plaintiffs on August 28, 2019. (*See* Discovery Requests, annexed hereto as Exhibit "A"). These discovery requests were served pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure. No proper response has been forthcoming.

Simply, plaintiffs have failed to respond in a complete manner to defendants' discovery requests. Plaintiffs did not respond to defendants' discovery requests within 30 days of service. After emails from defense counsel on October 11, 2019, on October 15, 2019, plaintiff Lori, by her counsel, provided handwritten but sorely inadequate and incomplete responses to defendants' interrogatories and document requests. (*See* Responses from Plaintiff Lori annexed hereto as Exhibit "B").[1] Plaintiff Qamil failed to provide any responses whatsoever.

After numerous conferrals by telephone[2] and after promising that the discovery deficiencies would be cured, on November 6, 2019, plaintiffs finally provided updated discovery responses, this time typed. (Updated Responses from Plaintiff, annexed hereto as Exhibit "C").[3] These responses were still sorely inadequate. By way of example, for Interrogatory No. 5, plaintiffs failed to identify any expenditures and the specific amounts claimed to date. For instance, in response to Interrogatory No. 7, which asked for all medical providers—understandably relevant and important in an excessive force shooting case—plaintiffs merely stated that "detailed medical records to this interrogatory have already been produced." Similarly, for Interrogatory No. 11, plaintiffs failed to completely answer and respond to whether any claims were made to an insurance carrier and identify the date, injury, and insurance carrier. Moreover, plaintiffs utterly failed to respond to defendants' document requests, merely stating that documents were produced, without identifying any Bates stamp numbers, indicating whether the documents exist, or making any efforts to obtain documents (*See* Document Request No. 9, 13, 17, 24, 26, 27). In sum, despite repeated meet and confers and despite repeated extensions from defendants to respond to these requests (in an attempt to avoid judicial intervention), plaintiffs have failed to adequately respond. Given that the parties are operating under a tight discovery schedule, defendants now reluctantly seek the Court's intervention.

## II. Legal Basis for Defendants' Discovery Motion.

Rule 33 of the Federal Rules of Civil Procedure states that interrogatories must be answered and objected to within 30 days after being served; that each interrogatory must be answered separately and full in writing; and that the grounds for objecting must be stated to with specificity. *See* FED. R. CIV. P. 33. Similarly, Rule 34 requires responses to document requests within 30 days after being served. *See* FED. R. CIV. P. 34. Pursuant to Rule 37, a party seeking discovery may move for an order compelling an answer if a party fails to answer an interrogatory or produce documents. *See* FED. R. CIV. P. 37(a)(3)(b)(iii)-(iv). An incomplete disclosure,

---

[1] Certain responses have been redacted for plaintiffs' privacy.

[2] Indeed, defendants certify that they attempted, in good faith, to confer by telephone with plaintiffs to obtain responses without judicial intervention. The parties have conferred regarding plaintiffs' failure to respond to defendants' interrogatories and document requests on numerous occasions over the past weeks. The parties have engaged in emails and numerous telephone conversations, including on October 17, 2019 and October 31, 2019 and most recently on November 5, 2019. Plaintiffs' counsel expressed that this motion was unwarranted as the parties, in his opinion, had not conferred enough. Defendants disagree. There is no duty to confer unlimitedly. Indeed, defendants have made several good faith attempts to resolve this issue in the last month. At this point, defendants are prejudiced by plaintiffs' delays as they must reschedule plaintiffs' deposition to January 2020—edging very close to the discovery deadline.

[3] Certain responses have been redacted for plaintiffs' privacy.

answer, or response is treated like a failure to disclose, answer, or response. *See* FED. R. CIV. P. 37(a)(4). The Court may order sanctions if a party, after being properly served, with interrogatories or document requests, fails to serve its answers, objections, or a written response. *See* FED. R. CIV. P. 37(d)(1)(ii).

Here, plaintiffs do not object to the requested discovery. Indeed, they cannot do so. The requested discovery is patently relevant. Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013), citing FED. R. CIV. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Chen-Oster*, 293 F.R.D. at 561, citing *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[R]elevance is still a broad concept." *Michael Kors, L.L.C. v. Su Yan Ye*, No. 18 Civ. 2 684 (KHP), 2019 U.S. Dist. LEXIS 60057, at *4 (S.D.N.Y. Apr. 8, 2019). The discovery sought here is at the heart of any purported damages in this non-fatal shooting case—and plaintiffs do not claim that it is not. Simply, defendants are asking for basic discovery in a case where plaintiffs are claiming millions of dollars in damages. There is nothing out of the ordinary about these requests, yet plaintiffs' failure to completely respond is extraordinary.

Therefore, defendants respectfully request that the Court schedule a Local Civil Rule 37.2 conference[4] to discuss plaintiff's non-compliance with the Federal Rules of Civil Procedure or order plaintiffs to fully respond to defendants' discovery requests by a date certain in pain of sanctions.

Thank you for your consideration herein.

**Application granted. The parties are directed to appear for a conference on Tuesday, November 26, 2019 at 2:30 p.m. to discuss Defendants' anticipated motion to dismiss and the parties' discovery dispute**

Respectfully submitted,

Brachah Goykadosh
*Senior Counsel*
Special Federal Litigation Division

cc: Joseph I. Stone, Esq.
Edward S. Stone, Esq.
*Attorneys for Plaintiffs*

Dated: November 20, 2019
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

---

[4] To the extent that the Court believes a conference is necessary, the undersigned respectfully reminds the Court that she will be on trial during the weeks of November 18, 2019 and December 16, 2019 in the Eastern District of New York and respectfully requests that the Court refrain from scheduling any conferences during those weeks and on November 29, 2019 (the day after Thanksgiving).