UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

LORI GJENASHAJ and QAMIL GJENASHAJ,

                                                Plaintiffs,    **PROPOSED JOINT PRE-TRIAL ORDER**

            -against-

THE CITY OF NEW YORK, LIEUTENANT MATTHEW HARRISON individually and in his official capacity, POLICE OFFICER GIANCARLO MARATEA individually and in his official capacity, POLICE OFFICER RAYCHEL CAMPANELLA-RIVERA individually and in her official capacity, POLICE OFFICER VANESA MEDINA individually and in her official capacity, POLICE OFFICER BRUNILA SANTANA individually and in her official capacity, and POLICE OFFICER THOMAS GUGLIUCCI individually and in his official capacity, employees of the City of New York,

No. 19 Civ. 4142 (WHP)

                                                Defendants.

---------------------------------------------------------------------------x

**I.    The Full Caption of the Action.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

LORI GJENASHAJ,

                                                Plaintiff,

            -against-

LIEUTENANT MATTHEW HARRISON,
POLICE OFFICER GIANCARLO MARATEA

                                                Defendants.

---------------------------------------------------------------------------x

## II. Names, Addresses, Telephone Numbers, and Email Addresses of Trial Counsel.

- *Attorneys for Plaintiff:*

  Edward Stone, Esq.  
  Edward Stone Law P.C.  
  575 Lexington Avenue  
  14th Floor  
  New York, NY 10022

  Joseph Irving Stone, Esq.  
  310 Lexington Avenue, Suite 9-G  
  New York, NY 10016

  *Mailing Address:*  
  175 W. Putnam Ave., 2nd Floor  
  Greenwich, CT 06830  
  (203) 504-8425  
  eddie@edwardstonelaw.com

- *Attorneys for Defendants*:  
  Brachah Goykadosh  
  Senior Counsel  
  New York City Law Department  
  100 Church Street  
  New York, New York 10007  
  (212) 356-3523  
  bgoykado@law.nyc.gov  
  (*trial partner to be assigned*)

## III. Subject Matter Jurisdiction.

- *Plaintiff's Statement.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331m 1343 and 42 U.S.C. § 1983. The subject matter jurisdiction of the Court is not contested.

- *Defendants' Statement.* Defendants do not contest subject matter jurisdiction.

## IV. Claims and Defenses, Which Remain to Be Tried; and All Previously Asserted Claims and Defenses Which are Not to Be Tried.

- *Plaintiff's Summary[1]*. Plaintiff Lori Gjenashaj brings this federal civil rights action for excessive force against two members of the New York City Police Department ("NYPD"): Lieutenant Matthew Harrison ("Harrison") and Police Officer Giancarlo Maratea ("Maratea"). Plaintiff maintains that Lieutenant Harrison and Officer Maratea

---

[1] Defendants assert that despite the length of plaintiff's summary, the only remaining claim to be tried is a single excessive force claim against defendants Lieutenant Harrison and Police Officer Maratea based on the shooting. ECF No. 109.

used excessive force by discharging a total of 5 rounds at Plaintiff Gjenashaj at point blank range striking her twice and causing her significant injuries in the vicinity of Highland Avenue and Howard Avenue, Staten Island New York (the "Shooting") . After the Shooting, Plaintiff was handcuffed, subdued and forcibly held face down bleeding in the street where she complained of pain from pressure on her back being exacerbated by a NYPD Officer's foot on her back. Plaintiff also complained of difficulty breathing after the Shooting and while Plaintiff was being restrained by other members of the NYPD. Plaintiff was transported from the scene of the shooting to the Richmond University Medical Center, Staten Island, New York where she remained for approximately one week before she was transported to the Elmhurst General Hospital, Queens, New York where she remained for an additional 25 days. Plaintiff suffered numerous injuries from gunshot wounds, including wounds to her right upper back and right axilla, a 3 cm laceration to the posterior aspect of right upper extremity.

Plaintiff maintains that when she was approached by the Defendants she was alone in her vehicle, had come to a complete stop and was surrounded by police vehicles and heavily armed police officers. Plaintiff further maintains that she exited her vehicle with her hands up and posed no threat whatsoever to either Lieutenant Harrison or Officer Maratea. No civilians were in the area when Plaintiff exited her vehicle.

A starter pistol that had been discharged twice by Plaintiff earlier in the day was under the passenger front seat of the vehicle that Plaintiff was driving prior to the Shooting. Plaintiff maintains that Defendants knew or should have known that she had exhibited chaotic and erratic behavior and that she was an Emotionally Disturbed Person ("EDP"). Plaintiff intends to prove that Defendants were aware of Plaintiff's emotional state and mental health issues and failed to follow NYPD EDP Policy. Plaintiff will also prove that Officer Maratea deliberately left his BWC at the precinct so as to avoid securing video footage of the shooting.

Plaintiff's husband will testify that he informed police officers of Plaintiff's need for immediate medical attention due to her unstable condition both when he was forcibly removed from the vehicle Plaintiff was driving and numerous other times when he was held handcuffed to a chair at the police station. Plaintiff will also show all of the information that was available to Defendants prior to the Shooting, including evidence that the starter pistol only fired blanks and was not a real pistol capable of harming Defendants in any way.

- *Defendants' Summary.*

    o **Defenses Which Remain to Be Tried.**

        - Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and/or the conduct of third parties, and was not the proximate result of any act of defendants.

        - Plaintiff has failed to mitigate any damages.

        - Plaintiff provoked any incident.

        - Any force used by defendants was reasonable under the circumstances.

        - Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

        - Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

        - At all times relevant to the acts alleged in the Second Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

    o **Defenses Which Are Not to Be Tried.**

        - At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City is entitled to governmental immunity from liability.[2]

        - Plaintiff may have failed to comply with the conditions precedent to this lawsuit.

---

[2] The City is no longer a party to this action.

- Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), et. seq.[3]

- Punitive damages cannot be assessed against the City of New York.[4]

## V. Trial by Jury.

- *Plaintiff's Statement.* Plaintiff has requested a trial by jury and estimates the trial will take approximately three days.

- *Defendants' Statement.* Defendants demand a trial by jury. Defendants estimate that any trial will take approximately three days.

## VI. Whether All Parties Consented to a Trial of a Case by a Magistrate Judge.

The parties have not consented to a trial of the case by a magistrate judge.

## VII. Stipulations of Agreed Statements of Fact or Law.

There are no stipulations of facts or law between the parties at this time.

## VIII. List of Witnesses.

- *Plaintiff's Witnesses.* A list of Plaintiff's Witnesses is attached as Exhibit A.[5]

- *Defendants' Witnesses.*[6]

    o Lieutenant Matthew Harrison (in person testimony)

    o Police Officer Giancarlo Maratea (in person testimony)

---

[3] Plaintiff is not pursuing any state law claims.

[4] The City is no longer a party.

[5] Defendants intend to move *in limine* to preclude the testimony of some of plaintiff's nineteen listed witnesses. Defendants respectfully reserve the right to call any of plaintiff's witnesses at trial.

- o   Police Officer Vanesa Medina (in person testimony)

- o   Police Officer Raychel Campanella-Rivera (in person testimony)

- o   Detective Michael Murphy (or another NYPD representative to testify about plaintiff's gun) (in person testimony)

- o   Detective Elizabeth Cutrone (in person testimony)

- o   Sergeant Emanuel Vizzotti (in person testimony)

- o   N.I. (in person testimony)

- o   Police Officer Michael Lamere (in person testimony)

- o   Member of the NYPD Communications Division

- o   Member of NYPD who will testify as to Body Worn Cameras and the contents of Bates Nos. DEF0014091 – DEF0014097 (Body Worn Camera Docketing Sheet)

## IX.   Deposition Designations.

- *Plaintiff's Deposition Designations.*[7]

    Plaintiff does not intend to designate deposition testimony or prior statements but reserves the right to designate prior testimony if a witness becomes unavailable at trial. Plaintiff also reserves the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for purposes of impeachment. Plaintiff objects to Defendant's use of deposition testimony for anything other than impeachment without a showing of unavailability satisfactory to the Court.

- *Defendants' Deposition Designations.*

    Defendants are not designating any prior sworn testimony for their case-in-chief, but respectfully reserve the right to utilize deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure should it become necessary including, but not limited to, for impeachment. Additionally, defendants object to use of deposition testimony of any witness not present at trial

---

[7] Defendants object to deposition excerpts without a showing that these witnesses are unavailable for trial.

unless the party seeking to introduce such testimony has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

## X. List of Exhibits.

- *Plaintiff's Exhibits*[8]

| *Plaintiff's Exhibit* | *Defendants' Objection* |
|---|---|
| Deposition of Plaintiff Lori Gjenashaj dated 2/10/2020 | Rule 402, Rule 403, 404(a)(1), Rule 802 |
| Deposition of Qamil Gjenashaj dated 7/1/2020 | Rule 402, Rule 403, 404(a)(1), Rule 802 |
| Photos taken of Plaintiff Lori Gjenashaj without her consent while in hospital and sedated. PL000874 – PL000879 | Rule 402, Rule 403 |
| Interviews of Police Officers Miguel Esteves, Michael D'Agostino, Brunilda Santana, and Antonio Orihuela: DEF0004666-DEF0005501 (pages 75, 86-92) or PL000418, PL000420 | Rule 402, Rule 403, Rule 802 |
| Written Psychiatric Evaluation of Plaintiff by Ilene Zwirn, MD. DEF0010755 – DEF0010774 | Rule 402, Rule 403, Rule 802, Rule 901 |
| Written Evaluation of Plaintiff by Kristen Slesar, LCSW, PLLC. DEF0010751 – DEF10754 | Rule 402, Rule 403, Rule 802, Rule 901 |
| Written Psychiatric Evaluation of Plaintiff by Gary Robert Collins, MD, FAPA. DEF0010609 – DEF0010631 | Rule 402, Rule 403, Rule 802, Rule 901 |
| Interview and Grand Jury Testimony of Police Officer Giancarlo Maratea. PL000519, PL-CAMPBELL_00000475 – PL-CAMPBELL_00000501 | Rule 402, Rule 403, Rule 802 |
| Grand Jury Testimony of Police Officer Raychel Campanella-Rivera. DEF0004666 – DEF000550 (page 97), PL-CAMPBELL_00000522 – PL-CAMPBELL_00000531 | Rule 402, Rule 403, Rule 802 |
| Audio and Video footage taken from Body Worn Cameras on March 25, 2018. DEF0011835, DEF0011836, DEF0011837, DEF0011844, DEF0014695 or PL-CAMPBELL_00000775, | Rule 402, Rule 403, Rule 802 |
| NYPD Firearms Laboratory Report. DEF0011742, DEF0011957 | Rule 402, Rule 403, Rule 802 |
| 50-H Hearing Transcript dated 11/8/2018. | Rule 402, Rule 403, Rule 802 |

---

[8] Defendants intend to move *in limine* to preclude the introduction of certain exhibits by plaintiff, such as the three psychiatric evaluations.

| | |
|---|---|
| DEF0000435 – DEF0000555 | |
| NYPD Crime Scene Unit Scene Report DEF0001119 – DEF0001120 | Rule 402, Rule 403, Rule 802 |
| Photo of 765 Nugent Avenue DEF0001280 | Rule 402, Rule 403, Rule 802 |
| Photo of Nugent Ave Garden Bed DEF0001284 | Rule 402, Rule 403, Rule 802 |
| Photo of Plastic Bag with blank cartridges DEF0001285 – DEF0001286 | Rule 402, Rule 403, Rule 802 |
| Relevant Portions of 911 Call from Nugent Ave Neighbor DEF0001822 | Rule 402, Rule 403, Rule 802 |
| Relevant Portions of Radio Transmissions DEF0014695 | Rule 402, Rule 403, Rule 802 |

- *Defendants' Exhibits* [9] [10] [11]

| *No.* | *Defendants' Exhibit* | *Plaintiff's Objection* |
|---|---|---|
| A | Gun in plaintiff's possession on March 25, 2018 and associated NYPDPETS Property Clerk Invoice No. 6000018525 (DEF0019834 – DEF0019835) | Rule 402, Rule 403, Rule 802 |
| B | Photo of gun in plaintiff's possession on March 25, 2018 (Exhibit A at plaintiff's deposition) | Rule 402, Rule 403, Rule 802 |
| C | Indictment No. 137/2018 (DEF0000193 – DEF0000202) | Rule 404 (b)(1), Rule 403 |
| D | NYC Police Department Police Laboratory Criminalistics Section, Laboratory Report No. 3 (DEF0000394) | Rule 402, Rule 403, Rule 802 |
| E | NYC Police Department Police Laboratory Criminalistics Section, Laboratory Report No. 5 (DEF0000397) | Rule 402, Rule 403, Rule 802 |
| F | Relevant Crime Scene Investigation Unit Photos (DEF0000927 -- DEF0000935; DEF0001361 – DEF0001389) | Rule 402, Rule 403, Rule 802 |
| G | 911 Call from Mary Ibroci (DEF0001821) | Rule 403, Rule 802 |
| H | 911 Call from Patrizia Iacono (DEF0001824) | Rule 403, Rule 802 |
| I | Relevant Portions of Radio Transmission | Rule 403, Rule 802 |

---

[9] Defendants respectfully reserve the right to use any of plaintiff's designated exhibits at trial.

[10] Plaintiff intends to move *in limine* to preclude the use of the word "gun" by Defendants and require the use of the term "starter pistol that fired blanks."

[11] Plaintiff respectfully reserves the right to use any of Defendants' designated exhibits at trial.

|   |   |   |
|---|---|---|
|   | (DEF0001828) |   |
| J | Domestic Incident Report (DEF0001941) | Rule 403, Rule 802 |
| K | Collision Report – Police Department Vehicle (DEF0001945) | Rule 403 |
| L | Police Accident Report (DEF0001955 -- DEF0001956 ) | Rule 403 |
| M | Body Worn Camera Footage from Police Officer Raychel Campanella-Rivera (DEF0015103) |   |
| N | Body Worn Camera Footage from Police Officer Vanesa Medina  (DEF0015102) |   |
| O | Body Worn Camera Docketing Sheet (DEF0014091 – DEF0014097) |   |
| P | Video of Lori Gjenashaj at 32 Sunnyside Terrace (DEF0005522) | Rule 403 |
| Q | Videos of Lori Gjenashaj with the gun (DEF0005590, DEF0005591, DEF0005592, DEF0005593,  DEF0005595, DEF0005603) | Rule 403 |
| R | Family Offense Petition (DEF0009830 – DEF0009831) | Rule 403, Rule 802 |
| S | Order of Protection for Leila and Suzana Gjenashaj against Lori Gjenashaj (Bates stamp Nos. DEF0000367 – DEF0000368) | Rule 403, Rule 802 |
| T | Photo of Gun (DEF0009883) | Rule 403 |
| U | Prehospital Care Report Summary (DEF0010099 – DEF0010105) | Rule 403, Rule 802 |
| V | Relevant Memo Book Entries for Lieutenant Matthew Harrison  (DEF0001942 -- DEF0001943) | Rule 403, Rule 802 |
| W | Relevant Memo Book Entries for Police Officer Raychel Campanella-Rivera (DEF0014049 – DEF001450) | Rule 403, Rule 802 |
| X | Relevant Memo Book Entries for Police Officer Giancarlo Maratea (DEF0014065 –DEF0014067; unredacted version may be provided in advance of trial) | Rule 403, Rule 802 |
| Y | Relevant Memo Book Entries for Police Officer Vanesa Medina (DEF0014068 – DEF0014072) | Rule 403, Rule 802 |

Dated: New York, New York
April 29, 2021


EDWARD STONE LAW
175 W. Putnam Ave., 2nd Floor
Greenwich, CT 06830


By: _____
Edward S. Stone
*Attorney for Plaintiff*

JAMES E. JOHNSON
CORPORATION COUNSEL OF THE
   CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: _____
Brachah Goykadosh
*Senior Counsel*
Special Federal Litigation

# EXHIBIT A

## **PLAINTIFF'S WITNESSES**

Plaintiff will call or will have available at trial the following witnesses. Plaintiff reserves the right to call rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel. In the event that other witnesses are to be called at trial, a statement of their names, addresses, and the general subject matter of their testimony will be served upon opposing counsel and filed with the Court prior to trial.

- Lori Gjenashaj – all matters.
- Qamil Gjenashaj - all matters.
- Suzana Gjenashaj Lori's mental state and recovery.
- Kristen Slesar, LCSW, PLLC– general testimony with regards to Plaintiff's state of mind and psychological history.
- Cheryl Paradis, Psy.D. – general testimony with regards to Plaintiff's state of mind and psychological history.
- Ilene Zwirn, MD – general testimony with regards to Plaintiff's state of mind and psychological history.
- George Kuczabski, MD – general testimony about the gunshot wound sustained by Plaintiff on March 25, 2018
- Christina Zhang, MD – general testimony about the gunshot wound sustained by Plaintiff on March 25, 2018
- Lieutenant Matthew Harrison – all matters leading up to the shooting, matters pertaining to the Shooting and all matters following the shooting.
- Police Officer Giancarlo Maratea – all matters leading up to the shooting, matters pertaining to the shooting and all matters following the shooting.
- Police Officer Raychel Campanella-Rivera – all matters leading up to the shooting, matters pertaining to the shooting and all matters following the shooting.
- Police Officer Vanesa Medina – all matters leading up to the shooting, matters pertaining to the shooting and all matters following the shooting.
- Police Officer Brunila Santana – all matters leading up to the shooting.
- Police Officer Antonio Orihuela – all matters leading up to the shooting.
- Police Officer Michael D'Agostino– all matters leading up to the shooting.