UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

Lori Gjenashaj,

        Plaintiff,

    -against-

No. 19 Civ. 4142 (CM)

Lieutenant Matthew Harrison, et al.,

        Defendants.

------------------------------------------------------X

## DECISION AND ORDER ON THE PARTIES IN LIMINE MOTIONS

McMahon, J.:

The court, for its ruling on the motions in limine:

1. The plaintiff's motion for an order prohibiting the use of the word "gun" or "firearm" during the trial is denied. It would be impossible for the defendants to testify without using those words, since (i) the plaintiff has admitted that she was holding a starter pistol that looked like a real gun; (ii) a police officer yelled, "gun" (not "starter pistol") when he saw it; and (iii) one of the issues in the case is the police officers' perception of what they saw the plaintiff pointing at them. The fact that what resembled a firearm turned out to be a starter pistol is really of no moment.

2. The defendants' motion for an order precluding reference to various police practices and procedures when dealing with persons who are known or believed to be emotionally disturbed (EDP protocols) is denied. The plaintiff's husband in this excessive force case contends that he told the police that his wife was emotionally disturbed – indeed, that he told them he was trying to find her so he could get her to a hospital because she was not in her right mind. That fact, of course, would not preclude her from presenting a danger to the police officers – and it is their position that she appeared to be pointing a gun at them, which qualifies as danger at the highest level – but it appears that the NYPD has procedures that may have been applicable to the situation underlying this lawsuit, given what the officers were told about the plaintiff's mental state. It is, therefore, not possible to try this lawsuit without making reference to those policies. To quote my late colleague, The Hon. William Pauley, from whom I inherited this case: I don't know what planet Defendants are living on if they think they can keep out information about these policies. Of course, the evidence may show that it was impossible to comply with some or all of these policies because of a rapidly unfolding situation – but that presents a question for the jury to resolve.

3. The defendants' motion for an order precluding testimony about the plaintiff's mental or emotional issues from Kristin Slesan, Cheryl Paradis and Ilene Zirwan is granted. First of all, any reports prepared by these individuals in connection with the plaintiff's criminal case are inadmissible because they are hearsay. So the issue is whether any of these three individuals may testify. They may not, for two reasons.

First the plaintiff does not deny the defendants' contention that none of them was designated an expert as required by Fed. R. Civ. P. 26. As a result, they will not be allowed to testify as experts. And from what I understand about the creation of the reports that would serve as the basis for the proposed testimony, these three individuals are not percipient witnesses, but were retained by the New York County District Attorney and the Legal Aid Society to opine on issues relating to the plaintiff's *mens rea* in connection with her criminal prosecution. Ergo, they could only testify as experts.

Second, these witnesses have no relevant testimony to give. The plaintiff's state of mind is not relevant in this excessive force case; the only thing that the jury must decide is whether a reasonable police officer knowing what the defendants knew would have acted as these defendants acted. There is no suggestion that the plaintiff's husband discussed any history of domestic abuse or his sex life with the plaintiff with the police officers (which is the subject of one of the reports); there is no evidence that the police were told anything by the husband except that his wife was not in her right mind, that she was mentally ill, and that he was trying to get her to a hospital. The issue for the jury is not even whether it was true that the plaintiff was in fact an emotionally disturbed person. The issue is whether, having been told what they were told, the police failed to follow the procedures that they were required to follow given the circumstances in which they found themselves. The husband will be permitted to testify about what he told the police, including but not limited to what he told them about her history, her illnesses and her medications (if anything). That is what they knew at the time, and that is all that matters. The jury will be permitted to hear about the relevant procedures and when and how they kick in. That is highly relevant. The rest of this is not relevant – and if it were arguably relevant, would be more prejudicial than probative of anything that is germane to this case.

It is my understanding that the defendants consent to the admission of certain details about the plaintiff's psychiatric history in connection with the assessment of damages, but for no other purpose. The plaintiff's actual psychiatric history is not relevant for any other purpose. We will discuss what will be admitted and how the parties propose that it should come in at the final pretrial conference.

4. The plaintiffs may establish that officers were not in compliance with the patrol guide for failing to wear body cameras that would have recorded the incident with Mrs. Gjenashaj. I do not agree with the plaintiff that the prior complaints against Lt. Harrison for excessive force or for something involving the improper use of a vehicle are appropriately introduced to prove anything allowable by Fed. R. Civ. P. 404(b) and I will not allow these prior acts to be inquired about during his testimony.

      This constitutes the written decision and order of the court. The Clerk of Court is directed to remove the motions at Docket Nos. 127, 128, 131, and 132 from the court's list of open motions.

      I will see the parties for a final pretrial conference on Tuesday, February 1 at 10 AM in Courtroom 24A of the Daniel Patrick Moynihan Courthouse00 Pearl Street, New York, NY 10007.

Dated: January 11, 2022

                                                 U.S.D.J.

BY ECF TO ALL COUNSEL