

**GEORGIA M. PESTANA**
*Corporation Counsel*

**ELIDA M. ALFARO**
*Assistant Corporation Counsel*
ealfaro@law.nyc.gov
Phone: (212) 356-2334
Fax: (212) 356-1148

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

February 22, 2022

**By ECF**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *Lori Gjenashaj, et al. v. City of New York, et al.*,
             19 Civ. 4142 (CM)

Your Honor:

     I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter. In that capacity, I write in continued opposition to plaintiff's proposed trial exhibits set forth in Plaintiff's Response to Court Order Dated February 10, 2022. (Docket Entry No. 171).

     Pursuant to Your Honor's Court Order dated February 10, 2022, plaintiff was to provide additional information regarding her proposed trial exhibits PX-5, PX-6, PX-7, PX-8, PX-9, and PX-12[1] so as to allow the Court to rule on the admissibility of these exhibits. In light of plaintiff's submission, defendants renew their objections for each the reasons outlined below.

---

[1] Defendants note that the exhibits plaintiff refers to as "PX-5 – PX-8" were previously all contained within PX-5 at the time the Revised Proposed Joint Pre-Trial Order was filed on June 15, 2021. Additionally, what plaintiff is now referring to as "PX-9" was previously PX-12 at the time of filing of the Revised Proposed Joint Pre-Trial Order. For ease of reference, defendants refer herein to each exhibit as plaintiff has identified them in her response filed on February 18, 2022.

**PX-5: Body Worn Camera Footage recorded by non-party Derek Pinto DEF0011837**

1. Time Stamp 13:00:30-35: Defendants object pursuant to FRE 402 and 403. This portion of BWC footage is not relevant and should be excluded. Captured by the body worn camera of a non-party, this footage depicts a time after the incident and is not relevant to plaintiff's excessive force claim, which is the only claim that remains to be tried. To the extent plaintiff argues that these statements go to Officer Maratea's intent to cause harm to Plaintiff, a defendant's good or bad intentions with regard to a claim for excessive force is irrelevant. *Bah v. City of New York*, 319 F. Supp. 3d 698, 717 (S.D.N.Y. 2018). Furthermore, the probative value of introducing this non-party's body worn camera is outweighed by the prejudicial effect as it could only serve to confuse the sole issue that remains to be tried—excessive force. Therefore, defendants object to the introduction of this non-party's body worn camera footage pursuant to FRE 402 and 403.

2. Time Stamp 13:06:10-19: Defendants object pursuant to FRE 402 and 403. This portion of BWC footage is not relevant and should be excluded. Each of the statements identified by plaintiff are made by non-parties and were made after the alleged excessive force took place. The fact that Officer Maratea is visible on this footage or that a question is seemingly directed at him does not, in and of itself, make this portion of footage relevant. The only purpose plaintiff could be seeking to offer this particular footage is to inflame the passions of the jury as this conversation occurs following the alleged use of excessive force and is between non-parties. Therefore, the probative value of introducing this portion of a non-party's BWC footage is substantially outweighed by the prejudicial effect. Accordingly, defendants renew their FRE 402 and FRE 403 objections to this portion of footage as previously set forth in the parties' Revised Joint Pre-Trial Order. (Docket Entry No. 124).

3. Time Stamp 13:07:58-13:08:28: Defendants object pursuant to FRE 402 and 403. This footage is not relevant. The statements heard in this footage are made by a non-party officer allegedly to other non-party officers and is not relevant to the *only* claim remaining to be tried—excessive force. The only purpose plaintiff could be seeking to offer this particular footage would be to inflame the passions of the jury as this conversation is occurring amongst non-parties and after the alleged use of excessive force. Thus, the probative value of this footage is substantially outweighed by the prejudicial effect. Accordingly, defendants renew their FRE 402 and FRE 403 objections to this portion of BWC footage as previously set forth in the parties' Revised Joint Pre-Trial Order. (Docket Entry No. 124).

**PX-6: Body Worn Camera Footage recorded by non-party Christian Pinez, DEF0011836**

4. Time Stamp 13:00:15-13:07:00: Defendants object pursuant to FRE 402 and 403. This footage is captured by a non-party to the action, occurs after the alleged use of excessive force, and captures *only non-parties* allegedly "applying continuous pressure" to plaintiff. Further, it is wholly improper to the extent that plaintiff is seeking to offer this footage to show that Lieutenant Harrison failed to intervene as that is not a claim

to be tried. In fact, this is not a claim that was ever put forth before the Court until plaintiff's instant application. Further, defendant Harrison's motion for summary judgment as it pertains to supervisory liability was granted on or about December 14, 2020 and plaintiff's attempt to raise this argument is both barred pursuant to the December 14, 2020 Court Order and disingenuous. Even if Your Honor was inclined to find this portion of footage relevant, the probative value is substantially outweighed by the prejudicial effect as the only purpose this evidence could serve is to mislead the jury. Therefore, pursuant to the Court's December 14, 2020 Order and in accordance with the parties' Revised Joint Pre-Trial Order, defendants renew their objections pursuant to FRE 402 and FRE 403. (Docket Entry No. 124).

5. Time Stamp 13:07:22-13:08:03: Defendants object pursuant to FRE 402 and 403. Plaintiff has mischaracterized this footage. Lieutenant Harrison's statement referenced by plaintiff occurs between 13:07:27-13:07:32. The only reference made regarding the 122nd Precinct is made by PO Pinez, a non-party to this action. The footage offered from 13:07:44-13:08:03 does not contain *any* reference by *any* officer to the 122nd Precinct and therefore, could not be offered for the reasons that plaintiff suggests. Notably, this footage is captured after the alleged use of excessive force, which is the only claim left to be tried. Therefore, this portion of footage is not relevant pursuant to FRE 402, and further, could not be admitted pursuant to FRE 403 as the probative value is outweighed by the prejudicial effect. Accordingly, defendants renew their FRE 402 and 403 objections to this portion of the body worn camera foot as previously set forth in the parties' Revised Joint Pre-Trial Order. (Docket Entry No. 124).

**PX-7: Body Worn Camera Footage recorded by non-party Gino Pascone, DEF0011837**

6. Time Stamp 12:59:19: Defendants object pursuant to FRE 402 and 403. This portion of BWC footage is captured by a non-party officer and is being offered to suggest what two other non-parties may have observed on the day of the incident. Not only is this not relevant to plaintiff's claim for excessive force against Lieutenant Matthew Harrison and PO Maratea, the only remaining defendants, but it is also cumulative as the court has already ruled on the admissibility of DX-11 – PO Campanella-Rivera's BWC footage, which captures her actions prior to her exiting her police vehicle. While not conceding the relevance of non-party officers' vantage points, PO Campanella-Rivera's BWC footage can properly aid the members of the jury in identifying what she may have observed at the time of the recording. What a non-party's BWC footage may or may not have captured as it pertains to other non-parties *after* the alleged use of excessive force bears no relevance on this proceeding. Further, pursuant to FRE 403, this would only serve to confuse or mislead the members of the jury. Accordingly, defendants renew their FRE 402 and 403 objections to this portion of the footage as previously set forth in the parties' Revised Joint Pre-Trial Order. (Docket Entry No. 124).

7. Time Stamp 13:01:56-13:01:59 and 13:03:40-13:03:43: Defendants renew their objections on the same basis as set forth herein in paragraph "4" pursuant to the Court's decision on Lieutenant Harrison's Motion for Summary Judgment dated December 14,

2020.  In accordance with the parties' Revised Joint Pre-Trial Order, defendants renew their objections pursuant to FRE 402 and FRE 403.  Further, to the extent this footage is being offered for the purposes of "motive and intent with respect to Lieutenant Harrison," as plaintiff purports, whether defendant Harrison had good intentions or bad intentions with regard to plaintiff's claim for excessive force is irrelevant. *Bah v. City of New York*, 319 F. Supp. 3d 698, 717 (S.D.N.Y. 2018).  Accordingly, this evidence should be precluded.

8. Time Stamp 13:03:43:  Defendants object pursuant to FRE 402 and 403.  This footage, taken after the alleged use of excessive force and captured by a non-party officer is being offered to suggest what another non-party may have observed at the time of the incident.  Not only is this not relevant to plaintiff's claim for excessive force against Lieutenant Harrison and PO Maratea, the only defendants in this lawsuit, it is cumulative as the court has already ruled on the admissibility of DX-12, PO Medina's body worn camera footage.  Without conceding that this line of questioning is proper, to the extent plaintiff intends to question non-party PO Medina regarding what she observed, body worn camera footage taken from another non-party, from a time and location where PO Medina was not then present, is not relevant pursuant to FRE 402 and could only serve to confuse the jury pursuant to FRE 403.  Therefore, defendants renew their objections pursuant to FRE 402 and 403.  (Docket Entry No. 124).

9. Time Stamp 13:05:12-end of recording: Defendants object pursuant to FRE 402 and 403.  Although it is defendants' position that plaintiff mischaracterizes the statement of non-party PO Medina and without conceding the relevance of statements recorded by a non-party made to other non-parties, the footage is captured from another angle on the body worn camera footage of PO Campanella-Rivera, which has already been admitted into evidence as DX-11 (from time stamp 13:05:11-13:05:26).  Therefore, this portion of footage is cumulative.  Defendants further renew their objections pursuant to FRE 402 and 403.  (Docket Entry No. 124).

**PX-8: Body Worn Camera Footage recorded by non-party Michael[2] Birch, DEF0011844**

10. Time Stamp 13:05:41-45: Defendants object pursuant to FRE 402 and 403.  Although it is defendants' position that plaintiff mischaracterizes the statement of non-party PO Medina, without conceding the relevance of statements recorded by a non-party made to other non-parties, the referenced statement on the footage is captured by PO Medina's BWC footage which has already been received into evidence as DX-12, from (from 13:05:44-13:05:52). Therefore, this footage is cumulative. Defendants further renew their objections pursuant to FRE 402 and 403.  (Docket Entry No. 124).

**PX-9: Audio Recording of the Radio Transmission from March 25, 2019, DEF001469**

---

[2] Plaintiff mistakenly identifies plaintiff's proposed exhibit PX-8 as body worn camera footage recorded by non-party Gino Birch, however, the non-party's legal name is Michael Birch.

11. Time Stamps 12:23:51, 12:26:35, 12:28:28, 12:28:35, and 12:44:38: Defendants object pursuant to FRE 402 and 403. Each of these radio transmissions that plaintiff has identified are purported to be made by officers of the 122nd Precinct or are in relation to events occurring within the confines of the 122nd Precinct. There is nothing in the record to suggest that defendants, who were assigned to the 120th Precinct, had any knowledge of what was being transmitted over the 122nd Precinct's radio frequency regarding plaintiff's firearm. Notably the transmissions contained within and including time stamps 12:23:51-12:28:35 all occurred before the 911 call for 32 Sunnyside Terrace was made, which is the first 911 call pertaining to events occurring in the confines of the 120th precinct. As there is no evidence that defendants were aware of the radio transmissions from the 122nd precinct, they are not relevant to the instant action. Further, pursuant to FRE 403, both the admission and mention of radio transmissions from a neighboring precinct could only serve to confuse the jury as neither defendant was assigned to that precinct or privy to those transmissions. Further, their probative value is substantially outweighed by their prejudicial effect. Therefore, the radio transmissions must be precluded.

12. Time Stamps 12:44:15, 12:47:20, and 12:57:50: Defendants object pursuant to FRE 402 as this evidence is cumulative. The radio transmissions from time stamp 12:47:20 and 12:57:20 are contained within the radio transmissions that have been previously admitted into evidence as DX-8. Further, while not conceding that the purpose for which plaintiff seeks to introduce the second 911 call from 32 Sunnyside Terrace is proper, the best evidence of the 911 call is the 911 call itself, which has also been admitted into evidence as DX-7. Therefore, as this evidence is cumulative it must be precluded.

For the reasons stated therein defendants renew their objections to the admission of plaintiff's proposed trial exhibits PX-5, PX-6, PX-7, PX-8, PX-9, and PX-12 in their entirety. Defendants thank the Court for its time and attention to this matter.

Respectfully submitted,

*Elida M. Alfaro*
Elida M. Alfaro
*Assistant Corporation Counsel*
Special Federal Litigation Division