# EDWARD STONE LAW

February 22, 2022

**VIA ECF**

Honorable Colleen McMahon
United States District Judge, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Lori Gjenashaj, et al. v. City of New York, et al., 19 Civ. 4142 (CM)**

Your Honor:

I am counsel for the Plaintiff in the above captioned matter.

In addition to simply renewing the same stock FRE 402 and 403 objections that were already overruled by Your Honor at the final pre-trial conference, Defendants' letter filed on February 22, 2002 [ECF Doc. No. 174], also mischaracterizes the late Judge Pauley's ruling with respect to the remaining excessive force claims.

Specifically, with respect to Defendant Harrison, the late Judge Pauley wrote: "Here, Lieutenant Harrison was present at the scene, discharged his firearm, and effectuated Gjenashaj's arrest. (Pl's 56.1 ¶¶ 23 – 60.) He was, in short, personally involved in the alleged use of excessive force. Ricks v. O'Hanlon, 2010 WL 245550, at *4 (S.D.N.Y. Jan 19, 2010) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Plaintiff should be entitled to present evidence to the jury that shows how Defendant Harrison acted at the scene – both at the time he discharged his firearm and throughout the time he effectuated Gjenashaj's arrest. This is entirely consistent with the late Judge Pauley's ruling denying Lt. Harrison summary judgment on Plaintiff's excessive force claim.

What Plaintiff intends to show at trial is that under the totality of the circumstances at the scene it was not objectively reasonable for Officer Maratea and Lieutenant Harrison to have used deadly force against Plaintiff. This inquiry takes into account what information was known by Officer Maratea and Lieutenant Harrison at the time of the shooting to determine whether or not the amount of force actually used exceeded the amount of force that a reasonable officer would have employed under similar circumstances. Bah v. City of New York, 319 F. Supp. 3d 698, 717 (S.D.N.Y. 2018). Video footage that depicts how Plaintiff's arrest was effectuated, where the shooters were at the moment shots were fired, what was visible by other Police Officers who arrived at the scene just prior to the shooting and what those other officers may have heard – such

Mailing Address: 175 West Putnam Avenue, 2nd Floor, Greenwich, CT 06830

Edward Stone Law P.C.

Greenwich, Connecticut   Email: eddie@edwardstonelaw.com   New York, New York
Tel (203) 504-8425   www.EdwardStoneLaw.com   Tel (646) 933-3143
Fax (203) 348-8477

as gunshots – comprise the "totality of the circumstances" that is appropriate for a jury's consideration in an excessive force case. County of Los Angeles v. Mendez, 137 S.Ct. 1539, 1546, 198 L. Ed. 2d 52 (2017). This is especially true in a case like this one where there are two very different accounts about how Plaintiff exited her vehicle just prior to the shooting and any video footage that tends to shed light on the veracity of witness testimony from the scene is worthy of the jury's consideration. Defendants will have ample opportunity to cross examine witnesses at trial, so any claims of undue prejudice are misplaced.

Thank you for your consideration.

Respectfully submitted,

Edward S. Stone

Mailing Address: 175 West Putnam Avenue, 2nd Floor, Greenwich, CT 06830

Edward Stone Law P.C.

Greenwich, Connecticut
Tel (203) 504-8425

Email: eddie@edwardstonelaw.com
www.EdwardStoneLaw.com
Fax (203) 348-8477

New York, New York
Tel (646) 933-3143